IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN TUCKER and MEAGAN TUCKER, | |
| Plaintiffs, | CIVIL ACTION FILE NO.: |
| v. | |
| NGL EXPRESS, LLC, PROTECTIVE INSURANCE COMPANY, and MUSTAFA MOHAMUD | |
| Defendants. | |

## NOTICE OF REMOVAL

COME NOW Defendants Mustafa Mohamud, NGL Express, LLC and Protective Insurance Company (hereinafter "Defendants"), by and through the undersigned counsel, and without waiving any defenses as to personal jurisdiction, venue, process, or service of process, and pursuant to 28 U.S.C. § 1441(a) and (c), hereby files this Notice of Removal, respectfully showing the Court as follows:

1.

Plaintiffs Brian Tucker and Meagan Tucker ("Plaintiffs") filed this personal injury action arising from injuries sustained in a motor vehicle accident on July 17, 2021, in the State Court of Cobb County, Georgia, Civil Action File No. 22-A-1750

against Mustafa Mohamud, NGL Express, LLC and Great West Casualty Company. Then, on June 20, 2022, Plaintiffs filed their Amended Complaint, seeking to remove Great West and replace the same with Protective Insurance Company. Defendant contends that this attempt to unilaterally add Protective is improper and procedurally deficient. A copy of all pleadings and process served upon Defendant is attached hereto as Exhibit "A".

## **Complete Diversity Jurisdiction Exists**

2.

Plaintiffs are citizens of the State of Arkansas. See, Exhibit "A", Complaint ¶ 1.

3.

At the time of the filing of the Complaint and to-date, Defendant Mustafa Mohamud is a citizen of the State of Ohio and domiciled at 5719 Great Hall Court, Columbus, Ohio 43231. Defendant was served at his domicile at the above address on June 5, 2022. See, Affidavit of Service included in Exhibit "A".

4.

Defendant NGL Express, LLC is a corporation organized under the laws of the State of Ohio, with its principal place of business located at 3456 Alto Court, Columbus, Ohio 43230. See Complaint, ¶ 4, included in Exhibit "A". See, Rolling

Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th

Cir. 2004) (To allege the citizenship of a limited liability company, "a party must

list the citizenship of all the members of the limited liability company." Id. Adan Ali

is the sole member of NGL Express, LLC and holds a 100% interest therein and is

domiciled in Ohio. Accordingly, NGL Express, LLC is a citizen of Ohio for purposes

of diversity jurisdiction. Defendant NGL Express, LLC was served on June 5, 2022,

by way of its registered agent at 2764 Windridge Drive, Columbus, Ohio 43231.

See, Affidavit of Service included in Exhibit "A".

## 5.

Plaintiffs and Defendants filed their Stipulation of Time to Respond to

Plaintiff's Complaint and Discovery extending the time within which to Answer to

August 26, 2022. See, Stipulation included in Exhibit "A".

## 6.

Defendant Protective Insurance Company is a corporation organized under

the laws of the State of Indiana, with its principal place of business located at 111

Congressional Boulevard, Suite 500, Carmel, Indiana 46032. See, Kong v. Allied

Prof I Ins. Co., 750 F.3d 1295, 1299 (11th Cir. 2014) ("[a] corporation is generally

deemed to be a citizen of every state in which it is incorporated, as well as the state

in which it maintains its principal place of business.") Accordingly, Protective

Insurance is a citizen of Indiana for purposes of determining diversity jurisdiction. Defendant Protective was served on July 22, 2022. <u>See</u>, Affidavit of Service included in Exhibit "A".[1]

7.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c); <u>See also</u> <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 92-93 (2010) (defining a corporation's principal place of business as the "place where a corporation's officers direct, control, and coordinate the corporation's activities"). As such, none of the Defendants are citizens of the State of Arkansas.

8.

Therefore, complete diversity of citizenship exists between Plaintiff and Defendants for purposes of 28 U.S.C. § 1332(c)(1).

**<u>The Amount in Controversy Exceeds $75,000.00</u>**

9.

Plaintiff seeks judgment against the named-Defendants for sums in excess of $75,000.00, exclusive of interest and costs.  In her Complaint, Plaintiff asserts

---

[1] As more fully set forth in Defendant Protective's Answer, Protective contends that it was not properly added as a party to this action. See, <u>La Mara X, Inc. v. Baden</u>, 340 Ga. App. 592, 798 S.E. 2d 105 (2017).

"general damages exceeding $75,000" as to Plaintiff Meagan Tucker and "general damages exceeding $75,000" as to Plaintiff Brian Tucker. See, Complaint ¶19, included in Exhibit "A". Accordingly, the amount in controversy exceeds $75,000.

## Removal is Timely and Proper

10.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days of Defendant Protective being served.  See, Fed. R. Civ. P. 6(a)(1)(C).  This Notice of Removal is also timely because it is filed within thirty (30) days after receipt by Defendant Protective of a copy of the initial pleading setting forth the claim upon which this action is based. 28 U.S.C. § 1446(b).

11.

Moreover, removal is proper because all Defendants consent to removal. See, Jones v. Commonwealth Land Title Ins. Co., 459 Fed.Appx. 808, 810 (11th Cir. 2012) ("Removal by the last-served defendant is proper if all defendants consent to removal, even if the last-served defendant timely removes the case after the expiration of the previously served defendant's thirty-day window to remove.") The written consents of Defendants NGL Express, LLC and Mustafa Mohamud have been filed contemporaneously herewith.

## **Venue is Proper in the Northern District**

12.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1446(b), and 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants, and the matter in controversy exceeds the sum of $75,000.00.

13.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses Cobb County. *See* 28 U.S.C. § 90(a)(2).

## **The Unanimity Requirement is Met Here**

14.

The Supreme Court has construed the removal statues to require all defendants in a case to consent to removal, thus creating the so-called "unanimity requirement." See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001)(citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900)).  All Defendants consent to this Notice of Removal.

## **Removal is Proper**

15.

No previous application for the relief sought herein has been made to this or any other Court.

16.

Good and sufficient defenses to Plaintiff's claims exist.

17.

Within thirty (30) days after service on Defendant, notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

18.

Defendant has given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of Cobb County.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B".

WHEREFORE it is hereby requested that this Court grant the removal of this case to the United States District Court for the Northern District of Georgia, in which district this suit is pending.

Respectfully submitted this 22nd day of August, 2022.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Paschal Glavinos*

SCOTT W. MCMICKLE
Georgia Bar No. 497779
PASCHAL GLAVINOS
Georgia Bar No. 817127
***Attorneys for Defendants***

217 Roswell Road, Suite 200
Alpharetta, Georgia  30009
Telephone:  (678) 824-7800
Facsimile:   (678) 824-7801
swm@mkblawfirm.com
pglavinos@mkblawfirm.com

M0916845.1 16042

-8-

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1.C. This pleading has been prepared in Times New Roman, 14-point font.

This 22nd day of August, 2022.

*/s/ Paschal Glavinos*
Paschal Glavinos
For the Firm

## **CERTIFICATE OF SERVICE**

This is to certify that on this date I have electronically filed the foregoing

**NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which

will automatically send email notification of such filing to the following attorneys

of record:

Shellea D. Crochet
Morgan & Morgan Atlanta PLLC
P.O. Box 57007
Atlanta, GA 30343
scrochet@forthepeople.com
***Attorney for Plaintiffs***

Clay S. O'Daniel
O'Daniel McDonald, LLC
9040 Roswell Road, Suite 500
Atlanta, GA 30350
codaniel@odmclaw.com
***Attorney for Great West Casualty Company***

This 22nd day of August 2022.

/s/ Paschal Glavinos
PASCHAL GLAVINOS
For the Firm