# EXHIBIT "A"

ID# E-BNCF4WYD-4FS
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-1750

MAY 27, 2022 12:20 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **BRIAN TUCKER and MEAGAN TUCKER**<br><br>        **Plaintiffs,**<br><br>**vs.**<br><br>**NGL EXPRESS, LLC, GREAT WEST CASUALTY COMPANY, and MUSTAFA MOHAMUD**<br><br>        **Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff BRIAN TUCKER, and states his complaint against Defendant

MUSTAFA MOHAMUD, NGL EXPRESS, LLC., and GREAT WEST CASUALTY

COMPANY as follows:

## PARTIES AND JURISDICTION

1.

Plaintiffs Brian and Meagan Tucker consent to the jurisdiction and venue of this Court. They

are residents of the State of Arkansas.

2.

Defendant MUSTAFA MOHAMUD (hereinafter "Mustafa") is the driver of the tractor

trailer involved in the subject collision and is a resident of the State of Ohio, whose last known

address is 5719 Great Hall CT., Columbus, OH 43231. Defendant may be served at that address.

Defendant is subject to the venue and jurisdiction of this Court under Long-Arm Statute (O.C.G.A.

§ 9-10-91) by virtue of the fact that Defendant operated a vehicle on the roads located in the State of

1



Georgia and committed a tortious act in Cobb County, State of Georgia.

3.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 40-12-3 and the Long-Arm Statute.

4.

Defendant NGL Express, LLC is a for-profit, foreign corporation not authorized to conduct business in the State of Georgia with its principal place of business located at 3456 Altos CT., Columbus, OH. Defendant NGL Express, LLC is subject to the jurisdiction of this Court, and may be served by issuing Summons and a second original of this Complaint to their registered agent Adan Ali, at 2811 Pinellas CT Apt. B, Columbus, OH 43231.

5.

Defendant Great West Casualty Company (hereinafter "Great West") is a for-profit, foreign corporation authorized to do business in the State of Georgia with its principal place of business located at 1100 West 29th St., South Sioux City, NE 68776 is subject to the jurisdiction of this Court, and may be served by issuing Summons and a second original of this Complaint to their registered agent Corporation Service Company at the principal place of business located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092, USA.

6.

Defendants NGL Express, LLC, and Great West Casualty Company, are joint tortfeasors and as such, venue as to all Defendants is proper in Cobb County,

Georgia.

## COUNT I – NEGLIGENCE OF DEFENDANT MUSTAFA MOHAMUD

7.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 6 above as if they were fully restated verbatim.

8.

On or about July 17, 2021, Plaintiff Brian Tucker was operating a 2019 Kenworth Motor Truck Company, Truck, traveling southbound on I-285 in Cobb County, Georgia, with Meagan Tucker as a passenger.

9.

On or about the same time and place, Defendant Mohamud was driving a 2015 Freightliner, when he negligently, recklessly, carelessly and unlawfully operated said truck so as to collide with the rear of Plaintiff's vehicle causing damage to the vehicle operated by Plaintiff.

10.

As a result of the collision, Plaintiffs suffered multiple injuries, requiring both to undergo invasive surgery.

11.

At all relevant times, Defendant Mohamud owed certain civil duties to Plaintiffs. Notwithstanding those duties, Defendant Mohamud did violate them in the following particulars:

a.  In failing to make reasonable and proper observations while driving the 2015 Freightliner truck; or, if reasonable and proper observations were made, failing to act thereon;

b.  In following too closely in violation of O.C.G.A. § 40-6-49;

3

c.   In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

d.   In failing to observe or undertake the necessary precautions to keep the 2015 Freightliner from colliding with the Plaintiffs' vehicle;

O.C.G.A. § 40-6-390;

e.   In driving the 2015 Freightliner truck without due caution, care, and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.   In driving the 2015 Freightliner truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

g.   In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

12.

Defendant Mohamud's violations of the aforementioned duties of care constitute negligence *per se.*

13.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Mohamud, Plaintiffs have suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, lost wages, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff Brian Tucker has incurred in excess of **$19,000** in past medical expenses, and

general damages exceeding $75,000; and Plaintiff Meagan Tucker has incurred in excess of $24,000 in past medicals, and general damages exceeding $75,000.

## COUNT II – NEGLIGENCE OF DEFENDANT NGL EXPRESS, LLC

14.

Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 13 above as if they were fully restated verbatim.

15.

At all relevant times, Defendant Mohamud was an employee and agent of Defendant NGL Express, LLC, and Defendant Mohamud was driving the 2015 Freightliner within the course and scope of his employment with Defendant NGL Express, LLC

16.

Defendant NGL Express, LLC is liable for the acts and omissions of Defendant Mohamud as Defendant Mohamud was an agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

17.

Defendant NGL Express, LLC negligently hired, retained, and supervised Defendant Mohamud.

18.

Defendant NGL Express, LLC negligently entrusted the 2015 Freightliner tractor trailer to Defendant Mohamud when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

5

19.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant NGL Express, LLC, Plaintiffs have suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. Plaintiff Brian Tucker has incurred in excess of **$19,000** in past medical expenses, and general damages exceeding $75,000; and Plaintiff Meagan Tucker has incurred in excess of $24,000 in past medicals, and general damages exceeding $75,000.

## **CONTRACT**

20.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 19 above as if they were fully restated verbatim.

21.

At the time of the collision-in-suit, on July 17, 2021, Defendant Great West issued a policy of liability insurance, Policy Number AM600GSTRAVEL0103, naming NGL Express, LLC as an insured.

22.

Great West, Policy Number AM600GSTRAVEL0103, was in effect on July 17, 2021, and provides coverage for the negligent acts and omissions of NGL Express, LLC and Mohamud as a result of the collision-in-suit.

23.

Defendant Great West is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-1-112(c).

24.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Great West is liable to Plaintiffs, and responsible for payment of damages incurred by and occasioned upon the Plaintiffs as a result of the negligent acts and omissions of Mohamud and NGL Express, LLC

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray and demand as follows:

a.      That Process and Summons be issued, as provided by law, requiring Defendants to appear and answer Plaintiffs' Complaint;

b.      That service be had upon Defendants as provided by law;

c.      That Plaintiffs have and recover general damages from Defendants, as the jury deems is liable to Plaintiffs, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiffs for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d.      That Plaintiffs have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e.      That this matter be tried to a jury;

f.      That all costs be cast against the Defendants; and

7

g.      For such other and further relief as this Court deems just and appropriate.

This 27th day of May, 2022.

                                        Respectfully submitted,

                                        /s/ Shellea D. Crochet
                                        SHELLEA D. CROCHET
                                        Georgia Bar No. 735805
                                        Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:  (404) 965-8811
Fax: (404) 965-8812

ID# E-BNCF4WYD-VKN
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1750**

MAY 27, 2022 12:20 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **BRIAN TUCKER and MEAGAN TUCKER** | |
| **Plaintiffs,** | **CIVIL ACTION** |
| **vs.** | **FILE NO:** |
| **NGL EXPRESS, LLC, GREAT WEST CAUSILITY COMPANY, and MUSTAFA MOHAMUD** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### PLAINTIFF BRIAN TUCKER'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MUSTAFA MOHAMUD

TO:   Defendant MUSTAFA MOHAMUD

COMES NOW Plaintiff, BRIAN TUCKER and hereby requests that Defendant MUSTAFA MOHAMUD admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36.  If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter.  If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications.  If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privilege claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.



## REQUESTS FOR ADMISSIONS

1.

Please admit that at the time of the incident-in-suit you were driving the 2015 Freightliner Tractor Trailer within the course and scope of your employment with NGL Express, LLC

2.

Please admit that this action is brought against the Defendants properly and correctly name the parties to be sued in this case.

3.

Please admit that you were served with the Summons and Complaint in the above-styled action.

4.

Please admit that the 2015 Freightliner Tractor Trailer operated by Defendant was either owned by Defendant or was being operated by Defendant with the knowledge, permission and consent of its owner.

5.

Please admit that Defendant was negligent in the operation of the 2015 Freightliner Tractor Trailer which resulted in the subject collision with Plaintiffs' vehicle.

6.

Please admit that Defendant received a citation issued by the investigating law enforcement agency arising out of the subject collision.

7.

Please admit that Defendant pled guilty to said citation in connection with the subject collision.

8.

Please admit that Plaintiffs were injured in the subject collision.

9.

Please admit that the Plaintiffs' actions did not cause or contribute to the subject collision.

10.

Please admit that Plaintiffs incurred medical expenses for treatment of injuries resulting from the subject collision.

11.

Please admit that Plaintiffs' medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

13.

Please admit that service of process was proper as to Defendant Mohamud.

14.

Please admit that venue for the above styled action is proper in Cobb County, Georgia.

15.

Please admit that this court has personal jurisdiction over Defendant Mohamud for purposes of this lawsuit.

This Request for Admissions is served upon you together with Plaintiff's Summons and Complaint.

This 27th day of May, 2022.

/s/ Shellea D. Crochet
SHELLEA D. CROCHET
Georgia Bar No. 735805
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:  (404) 965-8811
Fax: (404) 965-8812

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **BRIAN TUCKER,**<br><br>   **Plaintiff,**<br>**vs.**<br><br>**MUSTAFA MOHAMUD, NGL EXPRESS, LLC, AND GREAT WEST CASUALTY COMPANY,**<br><br>   **Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF BRIAN TUCKER'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MUSTAFA MOHAMUD**

TO: Defendant MUSTAFA MOHAMUD

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf.  If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories.  All such supplemental

answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, PLLC, 191 Peachtree Street N.E., Suite 4200, Atlanta, Georgia 30303 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.    <u>DEFINITIONS</u>

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every

copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an underlined individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.    INTERROGATORIES

### 1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

### 2.

State the name and address of any person, including any party, who to your knowledge information or belief:

(a)    was an eyewitness to the incident underlying this litigation;

(b)    has some knowledge of any fact or circumstance upon which your defense is based; or

(c)    has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history or activities of the Plaintiff.

### 3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

### 4.

Has any entity issued a policy of liability insurance to you or which is or arguably should be extending insurance coverage to you?  If so, please state for each policy:

(a)    the name of the insurer providing liability insurance;

(b)    the limits of coverage;

(c)    the name of the insured on the policy; and

(d)    the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance?  If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

(a)    each eyewitness that will testify to those facts; and

(b)    each and every document or tangible piece of evidence that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

(a)    state the subject matter on which s/he is expected to testify;

(b)    state in detail the opinions held by each such expert or technician; and

(c)    give a complete summary of the grounds for each opinion held.

8.

Were you on the business of any individual or entity at the time of the subject incident?  If so, please identify any such individual or entity, including name, address and telephone number.

9.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or

alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge. (See <u>Lewis v. The State</u>, 243 Ga. 443; <u>Hightower v. G.M.</u>, 175 Ga. App. 112).

10.

Please state each and every prior collision or prior insurance claim which you are aware the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

11.

State each and every fact supporting your contention that the Plaintiff's alleged injuries pre-existed the incident underlying this litigation and identify:

    (a)    each eyewitness that will testify to those facts; and

    (b)    each and every document or tangible piece of evidence that will evidence those facts.

12.

State each and every fact supporting your contention that the Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation and identify:

    (a)    each eyewitness that will testify to those facts; and

    (b)    each and every document or tangible piece of evidence that will evidence those facts.

13.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

6

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those

facts.

14.

What do you contend caused the incident underlying this litigation?

15.

State each and every fact supporting your contention that you are not the sole proximate

cause of the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those

facts.

16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the

incident underlying this litigation?

17.

Do you contend that any of the named Defendants have been improperly named as parties

to this action and/or that improper or incorrect agents for service were utilized to effectuate service

upon the Defendants?  If your answer to either of these inquiries is "yes", please provide a detailed

explanation as to why you contend that the named Defendants have been improperly named or the

agents used for service were improper and provide the complete and correct name of the entities

or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to any of the named Defendants, jurisdiction is lacking over any of the named Defendants in this Court, or that service of process has been deficient on any of the named Defendants in this matter?  If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the subject truck being operated at the time of the subject incident, please identify:

(a)      the owner and/or lessee of the vehicle;

(b)      the frequency with which you drove the vehicle;

(c)      who paid for the gas and maintenance on the vehicle; and

(d)      if you did not own the vehicle, state whether or not you had the permission of the owner/lessee to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license?  If so, please state when you first acquired any driver's license, what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

22.

What is your citizenship and identify any documents supporting your contention.

8

23.

For each request to admit that you denied, please identify:

(a)     each eyewitness that will testify to those facts supporting your denial; and

(b)     each and every document or tangible piece of evidence that will evidence facts supporting your denial.

## III.     REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident, the water bottle from your vehicle, or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

9

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Any and all taped or written statements taken from Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendants or Defendants' insurer(s).

10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

A copy of the title and tag registration on the vehicle you were driving at the time of the subject incident.

12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No.16.

13.

A copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15.

Any and all documents related to the medical treatment Plaintiff received prior to the subject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17.

For any document which has not been produced on grounds of privilege, please state the following:

    (a)    the date each document was generated;

    (b)    the person generating each document;

    (c)    the present custodian of each document; and

    (d)    a description of each document.

These Interrogatories and Request for Production of Documents are served upon you together with Plaintiff's Complaint.

This 27th day of May, 2022.

Respectfully submitted,

/s/ Shellea D. Crochet
SHELLEA D. CROCHET
Georgia Bar No. 735805
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:  (404) 965-8811
Fax: (404) 965-8812

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **BRIAN TUCKER,**<br><br>　　　　　**Plaintiff,**<br>**vs.**<br><br>**MUSTAFA MOHAMUD, NGL EXPRESS, LLC, AND GREAT WEST CASUALTY COMPANY,**<br><br>　　　　　**Defendants.** | **CIVIL ACTION**<br>**FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF BRIAN TUCKER'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT NGL EXPRESS, LLC,

COMES NOW Plaintiff, BRIAN TUCKER, hereby requests that Defendant NGL Express, LLC, admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

1

The matters requested admitted are the following:

1.

Please admit that Defendant NGL Express, LLC was personally served with the Summons and Complaint in the above-styled action.

2.

Please admit that this Defendant has been properly served with process in this action.

3.

Please admit that this Defendant raises no defenses as to insufficiency of process or insufficiency of service in this action.

4.

Please admit that venue for the above-styled case is proper in Cobb County, Georgia.

5.

Please admit that this Court has jurisdiction over Defendant NGL Express, LLC for the purpose of this lawsuit.

6.

Please admit that Mohamud was the employee of Defendant NGL Express, LLC at the time of the subject collision.

7.

Please admit that Defendant Mohamud was operating the 2015 Freightliner Tractor Trailer at the time of the collision in the course and scope of this employment with Defendant NGL Express, LLC.

8.

Please admit that Defendant Mohamud was driving the subject 2015 Freightliner Tractor Trailer within the course and scope of this agency relationship with Defendant NGL Express, LLC at the time of the collision-in-suit.

9.

Please admit that Defendant Mohamud was driving the subject 2015 Freightliner Tractor Trailer within the course and scope of his contractual relationship with Defendant NGL Express, LLC at the time of the collision-in-suit.

10.

Please admit that Defendant Mustafa Mohamud was driving the subject 2015 Freightliner Tractor Trailer within the course and scope his lease relationship with Defendant NGL Express, LLC at the time of the collision-in-suit.

11.

Please admit that Defendant NGL Express, LLC is liable under the doctrine of respondeat superior for the negligent acts and omissions of Defendant Mustafa Mohamud, at the time of the subject collision.

This 27th of May, 2022.

Respectfully submitted,

/s/ Shellea D. Crochet
SHELLEA D. CROCHET
Georgia Bar No. 735805
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
Atlanta, Georgia 30303
Tel: (404) 965-8811

3

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **BRIAN TUCKER,**<br><br>　　　　**Plaintiff,**<br>**vs.**<br><br>**MUSTAFA MOHAMUD, NGL EXPRESS, LLC, AND GREAT WEST CASUALTY COMPANY,**<br><br>　　　　**Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF BRIAN TUCKER'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NGL EXPRESS, LLC

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within

a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, P.A., 191 Peachtree Street N.E., Suite 4200, Atlanta, Georgia 30303 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.  **DEFINITIONS**

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## INTERROGATORIES

1.

Please identify the persons or entities who in any way owned and/or leased the subject truck or trailer referred to in the Complaint at the time of the incident involving the Plaintiff. If the ownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendants.

3.

Please state whether Mustafa Mohamud was acting within the course and scope of his employment with Defendant at the time of the incident at issue. If you claim he was not acting within the course and scope of his employment, please detail the basis of your denial.

4.

Please state the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

5.

If the truck involved in the subject incident belongs to someone other than this Defendant, please explain the circumstances under which the vehicle came into the possession of the operator, the purpose for which the vehicle was being used and its destination.

7

6.

If you have ever been a Defendant in a lawsuit involving personal injuries in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

7.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

8.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend the Plaintiff violated with respect to the incident giving rise to this lawsuit.

9.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

13.

Please identify with specificity any accident or incident involving personal injuries in which Defendant Mohamud has been involved, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

9

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiffs' first request for production of documents.)

15.

State the substance of each conversation you had with Plaintiff or any representative of Plaintiff at any time.

16.

For the date of the incident that is the subject of this lawsuit, state the times in which Mohamud went to work and the times he quit work on that date, and on each of the previous seven (7) days.

17.

Please state the point of origin, the destination, the reason for the trip, and at whose request was Defendant Mohamud driving the subject truck or tractor trailer at the time of the incident described in Plaintiff's Complaint.

18.

If Defendant Mohamud has ever been given a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

19.

Please state the make, year, weight and model of the subject truck or tractor and trailer involved in the incident, and please identify the last date preceding the incident on which the tires were replaced or repaired on the vehicle, and please identify all mechanical repairs or services to the trailer preceding the crash.

20.

Has Defendant Mohamud ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint?

21.

Please state the factual basis for each defense that you assert in this action.

22.

If you contend that the Plaintiff, Wade acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

23.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

24.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

25.

Please identify all policies and procedures in effect to supervise and regulate drivers of Defendants to determine their ability to safely operate and maintain tractor-trailer vehicles, such as the vehicle forming the basis of Plaintiff's Complaint.

26.

Did you make a determination as to whether this incident was preventable by or chargeable to Mohamud? If so, please state your determination and the reasons therefore.

27.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

28.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

12

a)      what each such item purports to show, illustrate or represent;

b)      the date it was made or taken; and

c)      the names and address of the person having custody of such item.

29.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

30.

Please state by whom Defendant Mohamud was given permission to operate the subject truck or tractor trailer and on what date authorization was given.

31.

Detail each and every arrangement or agreement between Mohamud and NGL Express, LLC or any other individual or entity under which Mohamud was performing services at the time of the subject incident.

32.

State the date and time of each and every inspection of the subject truck or tractor and trailer prior to this incident.  For each inspection, detail how the inspection was performed, identify who was present and the results of the inspection.

33.

Are you a motor common carrier for hire?

34.

Please state the names, addresses and job positions of all operations managers who were either working at the time of this incident or have knowledge of this incident.

35.

Please state whether you have attempted to surveil or observe Plaintiff at any time after the collision forming the basis of Plaintiff's Complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

36.

Please provide the present location of the tractor trailer involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

37.

Please state whether Defendant Mohamud received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

38.

Please identify whether the subject truck or tractor trailer driven by Defendant Mohamud was equipped with any monitoring or recording devices (i.e., a "black box") at the time of the incident at issue, and if so, please identify all documents generated there from.

## **REQUEST FOR PRODUCTION**

Defendant is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiffs or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence, including any coverage available to Defendant  (This request seeks each and every policy that may provide coverage in any amount.)

15

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of Mustafa Mohamud.

8.

Please produce Mustafa Mohamud driver's qualification file.

9.

Please provide all maintenance and repair records on the truck and/or tractor and trailer involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the tractor and trailer involved in the occurrence which is the subject matter of this civil action.)

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred or obtained as a result of this incident, including copies of any and all repair

16

estimates or other statements reflecting any value and/or the extent of the damage to your truck, trailer or equipment at issue.

11.

Each document submitted by you, or received from the police, the Interstate Commerce Commission, Department of Transportation or any other State, Federal or municipal entity investigating this incident.

12.

All policies or procedures regarding the inspection and maintenance of your truck and/or tractor and trailer and any inspection records for the truck and/or tractor and trailer involved in the subject incident.

13.

Any and all documents in any way pertaining to Mustafa Mohamud reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident and any other collisions involving Mustafa Mohamud, his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment.

14.

Any and all documents required to be maintained by DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to Defendant Mohamud or the truck and/or tractor and trailer at issue.

15.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendants' defenses.

16.

Copies of all company policies and procedures pertaining to the operation of trucks and any policies and procedures that in anyway apply to, cover, or govern Mohamud' employment.

17.

Copies of all work orders, daily loads and/or work reports for July 17, 2021, as it relates to the driver, truck, trailer, or trip which is the subject of this incident.

18.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving a vehicle prior to July 17, 2021.

19.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

20.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

21.

Please produce all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

22.

Please produce the certificate of title, and/or other proof of ownership, and/or lease agreement for the truck and/or tractor trailer involved in the wreck that is the subject matter of this civil action.

23.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendants.

24.

Copies of any and all reports, interoffice memoranda or other documents relating to matters which are the subject of this Complaint.

25.

Copies of any and all log books for Defendant Mohamud for the months of May 2021, June, 2021, July, 2021, and October, 2021.

26.

Copies of any and all documentary evidence which is relevant to any issue in this action

or which might lead to the discovery of other admissible evidence.

This 27th day of May, 2022.

Respectfully submitted,

/s/ Shellea D. Crochet
SHELLEA D. CROCHET
Georgia Bar No. 735805
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:  (404) 965-8811
Fax: (404) 965-8812

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **BRIAN TUCKER,**<br><br>              **Plaintiff,**<br>**vs.**<br><br>**MUSTAFA MOHAMUD, NGL EXPRESS, LLC, AND GREAT WEST CASUALTY COMPANY,**<br><br>              **Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF BRIAN TUCKER'S FIRST REQUEST FOR ADMISSONS TO GREAT WEST CASUALTY COMPANY

COMES NOW Plaintiff, BRIAN TUCKER and hereby requests that defendant Great West Casualty Company admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privilege claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim. Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. *Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 486 S.E.2d 810 (1997).

Please admit each of the following:

## REQUESTS FOR ADMISSIONS

1.

NGL Express, LLC is a "motor carrier" as defined in O.C.G.A. § 40-1-100.

2.

Great West is an appropriate party to this action under O.C.G.A. §40-1-112(c).

3.

Great West is in possession of pictures that depict the property damage to the vehicles involved in this incident.

4.

The pictures of Plaintiff's vehicle were taken before Great West was provided with a letter of representation from Plaintiff's attorney.

5.

The pictures were taken with an electronic camera that records metadata.

This 27th day of May, 2022.

Respectfully submitted,

*/s/ Shellea D. Crochet*
SHELLEA D. CROCHET
Georgia Bar No. 735805
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:  (404) 965-8811
Fax: (404) 965-8812

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **BRIAN TUCKER,** | |
| **Plaintiff,** | |
| **vs.** | **CIVIL ACTION** |
| | **FILE NO:** |
| **MUSTAFA MOHAMUD, NGL EXPRESS, LLC, AND GREAT WEST CASUALTY COMPANY,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## PLAINTIFF BRIAN TUCKER'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GREAT WEST CASUALTY COMPANY

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to as "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental

1

answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, PLLC, 191 Peachtree Street N.E., Suite 4200, Atlanta, Georgia 30303 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.   DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every

2

copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

**INTERROGATORIES**

1.

Identify the insurer issuing the policy, the policy number, and the effective dates of the policy for all policies of insurance (primary or excess) which do, does, or may provide insurance coverage for the claims made in Plaintiff's Complaint. Plaintiff specifically requests that in response to this interrogatory, this Defendant identify any and all payouts made and insurance coverages remaining for any aggregate or single-limits policies applicable for the time period which includes the subject incident.

2.

Please state the name, business address, and business telephone number of the following persons:

(a)     Any claims representative or individual who has investigated or sought to assist in the adjusting of the claim made the basis of Plaintiff's Complaint; and

(b)     The claims representative who is responsible for handling and supervising this claim.

3.

Please identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing this collision, and about any other information concerning the issues of liability or damages in this case. Please list a brief description or nature of such person's knowledge (for example:  eyewitness, investigating police officer, medical doctor, private investigator, etc.).

4.

Please identify any witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or her knowledge or any information relevant to this lawsuit. Identify each such witness by giving his or her name, address, and telephone number and provide an explanation of the type statement given (oral, written, recorded, etc.).  Also please identify the taker and present custodian of such statement.

5.

Please identify any person you expect to call as an expert witness, whether live, by affidavit, or by deposition in connection with the trial, any hearing or motion for evidentiary matter in this civil action, and separately for each expert identify: a) the subject matter of which such person is expected to testify; b) the substance of the facts and opinions as to which such expert is expected to testify; c) a summary of the grounds for such opinion; and d) all documents and professional references upon which such person may specifically base his or her testimony and opinions.

6.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do that in any way contributed to causing the collision that forms the basis for Plaintiff's Complaint. Please supply any statutory authority where applicable.

7.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant's insured for the claims made in this lawsuit:

(a)    Name of each insurance company issuing policy;

(b)    Applicable liability limits concerning each policy;

(c)    Names of all persons and/or companies insured under each policy;

(d)    Names of the person(s) paying premiums with respect to each policy;

(e)    Policy number of each policy;

(f)    Types of insurance coverage carried;

(g)    Whether the defense of this action has been tendered to any such insurer;

(h)    Whether defense has been accepted by each such insurer to whom defense has been tendered;

(i)    Whether this Defendant's insured has made any claims under said policy or policies as a result of the occurrence herein;

(j)    The nature, extent, and amount of any such claim or claims by said insured(s);

(k)    Whether those claims have been paid by you and the amount of said payment(s); and,

(l)    Your response or reaction with respect to the request that you defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

8.

State whether this Defendant admits that the driver of the subject tractor trailer, Mustafa Mohamud, negligently caused the subject occurrence. If your answer is in the negative, please explain the basis for contesting liability.

9.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to the Plaintiff's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

10.

Please explain the nature of the employment relationship between the driver of the subject tractor trailer involved in this collision and this Defendant's named insured, including the date the employment relationship began, whether the relationship has been terminated, the date of such termination, the reason for such termination, and the identity of the person who terminated the driver.

11.

With respect to the driver of the 2015 Freightliner Tractor Trailer involved in this occurrence, please state the following:  his date of birth; Social Security number; Driver's license number and state of issuance; his present home address; all of said driver's previous residence addresses for the past five years, including the street address, city, state, and zip code; and his mode of compensation.

12.

Please identify the following individuals as of the date of the occurrence and at present:

(a)     Person(s) responsible for the inspection, maintenance, and repair of this Defendant's insured's 2015 Freightliner Tractor Trailer;

(b)     Safety Director;

(c)     Person(s) responsible for training employees/drivers, including Mustafa Mohamud;

(d)     Person(s) responsible for interviewing and/or hiring employees/drivers, and, specifically, driver Mustafa Mohamud; and,

(e)     Person(s) responsible for supervising drivers, including Mustafa Mohamud.

13.

Please state whether this Defendant, its agents, its attorneys, or its insured, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant's insured hires or allows to drive their vehicles.  If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the 2015 Freightliner tractor trailer involved in the subject occurrence.

14.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insured.

15.

Please give a detailed history of any inspections, maintenance, and repairs of the 2015 Freightliner tractor trailer which was involved in the subject collision, both prior to and subsequent to the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

16.

As to this Defendant's insured's 2015 Freightliner tractor trailer involved in the occurrence, please state the following information:   Manufacturer, make, model, year, and Vehicle Identification Number (VIN); person or entity to whom the subject tractor trailer was titled as of the date of the occurrence and at present; present location of the tractor trailer; gross vehicle rating of the tractor trailer; and wheel base measurements.

17.

Please state whether any inspection of the subject 2015 Freightliner tractor trailer was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection. Also identify any documents, reports,

photographs, videotapes, or other records which were made concerning any inspection of the vehicle.

18.

Please state whether at the time and place of the subject occurrence, Mustafa Mohamud was an employee/servant of this Defendant's insured acting within the course and scope of his employment. If your answer to this interrogatory is in any way in the negative, please also state the facts which support such response, including, but not limited to, whether Mustafa Mohamud was an employee at the time, whether he was "on the clock" at the time, and if you contend he was on an independent "frolic" of his own, please state what facts support that contention.

19.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following:  the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

20.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives or the insured(s) in connection with the subject occurrence, and if so, the place where such report is located.

21.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by Mustafa Mohamud, his destination, and from where he left. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

22.

Please identify and describe each document filed by or on behalf of  with a state or government agency, or received from a state or federal agency, including, but not limited to, certificates of insurance, MC90, insurance cancellation notifications, certificate of authority, and licenses or permits to engage in interstate or intrastate authority.

23.

Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the contention which it supports or to which it otherwise relates.

## **REQUEST FOR PRODUCTION**

Defendant is requested to produce and identify each of the following:

1.

Please provide a copy of every picture in your possession that depicts this accident or the vehicles involved.

2.

Please provide a certified copy of the insurance policy between Great West Casualty Company and NGL Express, LLC Policy Number AUT700055243.

3.

Please produce all documents that Great West Casualty Company reviewed when making the decision whether or not to originate a policy of insurance with NGL Express, LLC

4.

Provide a copy of any reports from Central Analysis Bureau that related to NGL Express, LLC or any of its affiliates, sister companies, or parent companies.

This 27th day of May, 2022.

Respectfully submitted,

/s/ Shellea D. Crochet
SHELLEA D. CROCHET
Georgia Bar No. 735805
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-8811
Fax: (404) 965-8812

12

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **BRIAN TUCKER,**<br><br>            **Plaintiff,**<br>vs.<br><br>**MUSTAFA MOHAMUD, NGL EXPRESS, LLC, AND GREAT WEST CASUALTY COMPANY,**<br><br>            **Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all Defendants in the foregoing matter with a copy of the following:

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the summons.

1. PLAINTIFF BRIAN TUCKER'S FIRST REQUEST FOR ADMISSIONS TO EACH DEFENDANT; AND
2. PLAINTIFF BRIAN TUCKER'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT.

This 27th day of May, 2022.

Respectfully submitted,

/s/ Shellea D. Crochet
SHELLEA D. CROCHET
Georgia Bar No. 735805
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343-1007

1

Tel:  (404) 965-8811
Fax: (404) 965-8812

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   22-A-1750

$198.00 COST PAID

Tucker, Brian
Tucker, Meagan

**PLAINTIFF**

**VS.**

NGL EXPRESS, LLC
GREAT WEST CASUALTY COMPANY
MOHAMUD, MUSTAFA

**DEFENDANTS**

## SUMMONS

TO: NGL EXPRESS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Shellea D Crochet**
> **Morgan & Morgan Atlanta, PLLC**
> **191 Peachtree St., NE**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of May, 2022.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



# STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>22-A-1750</u>

$198.00 COST PAID

Tucker, Brian
Tucker, Meagan

**PLAINTIFF**

**VS.**

NGL EXPRESS, LLC
GREAT WEST CASUALTY COMPANY
MOHAMUD, MUSTAFA

**DEFENDANTS**

### SUMMONS

TO: MOHAMUD, MUSTAFA

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **Shellea D Crochet**
> **Morgan & Morgan Atlanta, PLLC**
> **191 Peachtree St., NE**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 31st day of May, 2022.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630          Page 1 of 1
(770) 528-1220 Building B, First Floor-Civil Division



# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>22-A-1750</u>

$198.00 COST PAID

Tucker, Brian
Tucker, Meagan

**PLAINTIFF**

**VS.**

NGL EXPRESS, LLC
GREAT WEST CASUALTY COMPANY
MOHAMUD, MUSTAFA

**DEFENDANTS**

**SUMMONS**

TO: GREAT WEST CASUALTY COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Shellea D Crochet**
> **Morgan & Morgan Atlanta, PLLC**
> **191 Peachtree St., NE**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of May, 2022.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



**General Civil and Domestic Relations Case Filing Information Form**

ID# E-BNCF4WYD-KLR
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1750**

☐ Superior or ☑ State Court of _Cobb_ County

MAY 27, 2022 12:20 PM

| For Clerk Use Only | |
|---|---|
| Date Filed _05-27-2022_ <br> **MM-DD-YYYY** | Case Number _22-A-1750_ |

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Tucker, Brian | | | | | NGL EXPRESS, LLC | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Tucker, Meagan | | | | | GREAT WEST CASUALTY COMPANY | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | MOHAMUD, MUSTAFA | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _Crochet, Shellea D_     **Bar Number** _735805_     **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐   Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                          **Case Number**

☑   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

ID# E-5Y4BCEJN-WAE
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-1750

JUN 03, 2022 10:24 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**In the State Court of Cobb County**
**State of Georgia**

| | | |
|---|---|---|
| Brian Tucker and<br>Meagan Tucker,<br>Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | Civil Action<br>File No.: 22-A-1750 |
| NGL Express, LLC, Great West<br>Casualty Company, and Mustafa<br>Mohamud,<br>Defendant. | )<br>)<br>)<br>)<br>) | |

## <u>AFFIDAVIT OF PRIVATE PROCESS SERVER</u>

My name is Shane Barron. I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 1st day of June 2022, I served Great West Casualty, with the SUMMONS, COMPLAINT AND DEMAND FOR TRIAL BY JURY, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING, PLAINTIFF BRIAN TUCKER'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MUSTAFA MOHAMUD, PLAINTIFF BRIAN TUCKER'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MUSTAFA MOHAMUD, PLAINTIFF BRIAN TUCKER'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT NGL EXPRESS, LLC, PLAINTIFF BRIAN TUCKER'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NGL EXPRESS, LLC, PLAINTIFF BRIAN TUCKER'S FIRST REQUEST FOR ADMISSSONS TO GREAT WEST CASUALTY COMPANY, PLAINTIFF BRIAN TUCKER'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GREAT WEST CASUALTY COMPANY, AND RULE 5.2 CERTIFICATE OF SERVICE, by handing it to Alisha M. Smith, representative of Corporation Service Company, register agent for Great West Casualty, at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

6/2/22
_____
Date

_____
Shane Barron

Subscribed and sworn to before me,
This __2__ day of __JUN__ 2022

_____
Notary Public





IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

Shane Willis Barron            )
                                 )
Petitioner                    )

ORDER

The Petition for Appointment of Shane Willis Barron for Process Server having been read and considered, and the Applicant's background having been reviewed by the Superior Court of Cobb County and the applicant having been appointed pursuant to O.C.G.A. 9-11-4 .C,

IT IS HEREBY ORDERED: That Shane Willis Barron shall be, and hereby is appointed process server for matters pertaining to this Court effective immediately and terminating on December 31, 2022, subject to revocation for good cause shown.

A copy of this Order must be attached to any Return of Service to be filed.

This ___7th___ day of ___January___ 2022.

_____
Judge, Cobb State Court

*John S. morgan*

ROBIN C. BISHOP
STATE COURT CLERK-20

2022 JAN -7  AM 11: 56

COBB COUNTY, GA.
FILED IN OFFICE

ID# E-HNRNHLB5-CDX
≡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**22-A-1750**
JUN 08, 2022 02:41 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**In the State Court of Cobb County**
**State of Georgia**

| | |
|---|---|
| BRIAN TUCKER and | ) |
| MEAGAN TUCKER | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action |
| v. | ) File No.: 22-A-1750 |
| | ) |
| NGL EXPRESS, LLC, GREAT WEST | ) |
| CASUALTY COMPANY, and | ) |
| MUSTAFA MOHAMUD, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF PRIVATE PROCESS SERVER

My name is Erika Cremeans. I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 5th day of June 2022, at 11:40 a.m., I served Mustafa Mohamud, personally, with the SUMMONS, COMPLAINT AND DEMAND FOR TRIAL BY JURY, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, DISCOVERY, AND RULE 5.2 CERTIFICATE OF SERVICE, by handing it to him at 5719 Great Hall Court, Columbus, OH 43231.

6/7/2022
Date

*Erika Cremeans*
Erika Cremeans

Subscribed and sworn to before me,
This ___ day of _June_ 2022

Notary Public

Jeffrey A. Cremeans
Notary Public, State of Ohio
My Commission Expires 6-14-24

ID# E-HNRNHLB5-SHJ
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1750**

JUN 08, 2022 02:41 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**In the State Court of Cobb County**
**State of Georgia**

| | |
|---|---|
| BRIAN TUCKER and<br>MEAGAN TUCKER<br><br>Plaintiffs,<br><br>v.<br><br>NGL EXPRESS, LLC, GREAT WEST<br>CASUALTY COMPANY, and<br>MUSTAFA MOHAMUD,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action
File No.: 22-A-1750

## AFFIDAVIT OF PRIVATE PROCESS SERVER

My name is Erika Cremeans. I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 5th day of June 2022, at 11:30 a.m., I served NGL Express, LLC, with the SUMMONS, COMPLAINT AND DEMAND FOR TRIAL BY JURY, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, DISCOVERY, AND RULE 5.2 CERTIFICATE OF SERVICE, by handing it to Adan Ali, registered agent for NGL Express, LLC, at 2764 Windridge Drive, Columbus, OH 43231.

6/7/2022
Date

Erika Cremeans
Erika Cremeans

Subscribed and sworn to before me,
This 7th day of June 2022

Notary Public

Jeffrey A. Cremeans
Notary Public, State of Ohio
My Commission Expires 6-14-24

## IN THE STATE COURT OF COBB COUNTY
### STATE OF GEORGIA

**BRIAN TUCKER**

**MEAGAN TUCKER**

CASE NO. 22-A-1750

PLAINTIFF

Vs

PROTECTIVE INSURANCE COMPANY

**2 Sun Court, Ste. 400**

Peachtree Corners, GA 30092

DEFENDANT

| TYPE OF SUIT: | | AMOUNT OF SUIT |
|---|---|---|
| Account ☐ | Principal | $_____ |
| Contract ☐ | Interest | $_____ |
| Note ☐ | Attys. Fees | $_____ |
| Tort ☑ | Court Costs | $_____ |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of said court and serve upon the Plaintiff's attorney or upon Plaintiff if no attorney, to wit, whose name and address is:

    Shellea D. Crochet
    MORGAN & MORGAN ATLANTA, PLLC
    191 Peachtree St, NE, Suite 4200
    Atlanta, GA 30303
    scrochet@forthepeople.com

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. NOTE: Any corporate party served must be represented by a licensed attorney at law. (see Eckles v. Atlanta Technology Group, 267 Ga. 801)

This _____6/21/22_____
(Date)

_____
Clerk
State Court of Cobb County

**12 East Park Square, Marietta, Georgia 30090-9630**     **(770) 528-1220**     **Building B, First floor-Civil Division**

G:\Civil Forms for website\Website Forms 021313\Civil Summons.docx          Revised 02/13/13

ID# E-GU5QSLTS-MBL
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1750**

**JUN 20, 2022 11:16 AM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **BRIAN TUCKER and**<br>**MEAGAN TUCKER**<br><br>　　　　**Plaintiffs,**<br><br>**vs.**<br><br>**NGL EXPRESS, LLC, PROTECTIVE**<br>**INSURANCE COMPANY, and**<br>**MUSTAFA MOHAMUD**<br><br>　　　　**Defendants.** | **CIVIL ACTION**<br>**FILE NO:**<br>**22-A-1750**<br><br>　**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT AND DEMAND FOR
## TRIAL BY JURY

COMES NOW Plaintiff BRIAN TUCKER, and states his a m e n d e d complaint against

Defendant MUSTAFA MOHAMUD, NGL EXPRESS, LLC., and PROTECTIVE INSURANCE

COMPANY, amending the initial Complaint to correct the name of the Defendant Insurance

Company to Protective Insurance Company, as follows:

## PARTIES AND JURISDICTION

### 1.

Plaintiffs Brian and Meagan Tucker consent to the jurisdiction and venue of this Court. They

are residents of the State of Arkansas.

### 2.

Defendant MUSTAFA MOHAMUD (hereinafter "Mustafa") is the driver of the tractor

trailer involved in the subject collision and is a resident of the State of Ohio, whose last known

address is 5719 Great Hall CT., Columbus, OH 43231. Defendant may be served at that address.

Defendant is subject to the venue and jurisdiction of this Court under Long-Arm Statute (O.C.G.A.

1



§ 9-10-91) by virtue of the fact that Defendant operated a vehicle on the roads located in the State of Georgia and committed a tortious act in Cobb County, State of Georgia.

3.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 40-12-3 and the Long-Arm Statute.

4.

Defendant NGL Express, LLC is a for-profit, foreign corporation not authorized to conduct business in the State of Georgia with its principal place of business located at 3456 Altos CT., Columbus, OH. Defendant NGL Express, LLC is subject to the jurisdiction of this Court, and may be served by issuing Summons and a second original of this Complaint to their registered agent Adan Ali, at 2811 Pinellas CT Apt. B, Columbus, OH 43231.

5.

Defendant Protective Insurance Company (hereinafter "Protective") is a for-profit, foreign insurance company authorized to conduct business in the State of Georgia with its principal place of business located at 111 Congressional Blvd., Suite 500, Carmel, IN, 46032, and is subject to the jurisdiction of this Court, and may be served by issuing Summons and a second original of this Complaint to their registered agent Corporation Service Company at the principal place of business located at Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092, USA.

6.

Defendants NGL Express, LLC, and Protective Casualty Company, are joint tortfeasors and as such, venue as to all Defendants is proper in Cobb County,

2

Georgia.

## COUNT I – NEGLIGENCE OF DEFENDANT MUSTAFA MOHAMUD

7.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 6 above as if they were fully restated verbatim.

8.

On or about July 17, 2021, Plaintiff Brian Tucker was operating a 2019 Kenworth Motor Truck Company, Truck, traveling southbound on I-285 in Cobb County, Georgia, with Meagan Tucker as a passenger.

9.

On or about the same time and place, Defendant Mohamud was driving a 2015 Freightliner, when he negligently, recklessly, carelessly and unlawfully operated said truck so as to collide with the rear of Plaintiff's vehicle causing damage to the vehicle operated by Plaintiff.

10.

As a result of the collision, Plaintiffs suffered multiple injuries, requiring both to undergo invasive surgery.

11.

At all relevant times, Defendant Mohamud owed certain civil duties to Plaintiffs. Notwithstanding those duties, Defendant Mohamud did violate them in the following particulars:

a.  In failing to make reasonable and proper observations while driving the 2015 Freightliner truck; or, if reasonable and proper observations were made, failing to act thereon;

b.  In following too closely in violation of O.C.G.A. § 40-6-49;

3

c.   In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

d.   In failing to observe or undertake the necessary precautions to keep the 2015 Freightliner from colliding with the Plaintiffs' vehicle;

O.C.G.A. § 40-6-390;

e.   In driving the 2015 Freightliner truck without due caution, care, and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.   In driving the 2015 Freightliner truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

g.   In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

12.

Defendant Mohamud's violations of the aforementioned duties of care constitute negligence *per se.*

13.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Mohamud, Plaintiffs have suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, lost wages, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff Brian Tucker has incurred in excess of **$19,000** in past medical expenses, and

general damages exceeding $75,000; and Plaintiff Meagan Tucker has incurred in excess of $24,000 in past medicals, and general damages exceeding $75,000.

## COUNT II – NEGLIGENCE OF DEFENDANT NGL EXPRESS, LLC

14.

Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 13 above as if they were fully restated verbatim.

15.

At all relevant times, Defendant Mohamud was an employee and agent of Defendant NGL Express, LLC, and Defendant Mohamud was driving the 2015 Freightliner within the course and scope of his employment with Defendant NGL Express, LLC

16.

Defendant NGL Express, LLC is liable for the acts and omissions of Defendant Mohamud as Defendant Mohamud was an agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

17.

Defendant NGL Express, LLC negligently hired, retained, and supervised Defendant Mohamud.

18.

Defendant NGL Express, LLC negligently entrusted the 2015 Freightliner tractor trailer to Defendant Mohamud when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

5

19.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant NGL Express, LLC, Plaintiffs have suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. Plaintiff Brian Tucker has incurred in excess of **$19,000** in past medical expenses, and general damages exceeding $75,000; and Plaintiff Meagan Tucker has incurred in excess of $24,000 in past medicals, and general damages exceeding $75,000.

## **CONTRACT**

20.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 19 above as if they were fully restated verbatim.

21.

At the time of the collision-in-suit, on July 17, 2021, Defendant Protective issued a policy of liability insurance, Policy Number AM600GSTRAVEL0103, naming NGL Express, LLC as an insured.

22.

Protective, Policy Number AM600GSTRAVEL0103, was in effect on July 17, 2021, and provides coverage for the negligent acts and omissions of NGL Express, LLC and Mohamud as a result of the collision-in-suit.

23.

Defendant Protective is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-1-112(c).

24.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Protective is liable to Plaintiffs, and responsible for payment of damages incurred by and occasioned upon the Plaintiffs as a result of the negligent acts and omissions of Mohamud and NGL Express, LLC

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray and demand as follows:

a.      That Process and Summons be issued, as provided by law, requiring Defendants to appear and answer Plaintiffs' Complaint;

b.      That service be had upon Defendants as provided by law;

c.      That Plaintiffs have and recover general damages from Defendants, as the jury deems is liable to Plaintiffs, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiffs for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d.      That Plaintiffs have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e.      That this matter be tried to a jury;

f.      That all costs be cast against the Defendants; and

7

g.      For such other and further relief as this Court deems just and appropriate.

This 20th day of June, 2022.

                              Respectfully submitted,


                              /s/ Shellea D. Crochet
                              SHELLEA D. CROCHET
                              Georgia Bar No. 735805
                              Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:  (404) 965-8811
Fax: (404) 965-8812

8

ID# E-ZHSBCXG3-DJ4
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-1750

JUN 20, 2022 04:05 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| BRIAN TUCKER and | * | |
| MEAGAN TUCKER, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION |
| v. | * | |
| | * | FILE NO. 22-A-1750 |
| NGL EXPRESS, LLC, GREAT WEST | * | |
| CASUALTY COMPANY, and | * | |
| MUSTAFA MOHAMUD, | * | |
| | * | |
| Defendants. | * | |

---

## STIPULATION EXTENDING TIME FOR DEFENDANT GREAT WEST CASUALTY COMPANY TO ANSWER AND RESPOND TO DISCOVERY REQUESTS

---

Pursuant to O.C.G.A. § 9-11-6(b), and by express agreement, Plaintiffs Brian Tucker and Meagan Tucker ("Plaintiffs") and Defendant Great West Casualty Company ("Defendant") hereby stipulate to extend the time in which Defendant may answer, object, or otherwise respond to Plaintiffs' Complaint and Demand for Trial by Jury through and including August 1, 2022.

Plaintiffs and Defendant further stipulate to extend the time in which Defendant may answer, object, or otherwise respond to Plaintiffs' first discovery requests to Defendant, including Plaintiff Brian Tucker's Request for Admissions to Defendant Great West Casualty Company and Plaintiff Brian Tucker's First Set of Interrogatories and Request for Production of Documents to Defendant Great West Casualty Company through and including August 19, 2022.



Respectfully submitted, this 20th day of June 2022.


MORGAN & MORGAN ATLANTA PLLC          O'DANIEL McDONALD, LLC


/s/Shellea D. Crochet (*signed w/express*          /s/Clay S. O'Daniel
*permission by CSO*)
Shellea D. Crochet                                 Clay S. O'Daniel
Georgia Bar No. 735805                             Georgia Bar No. 843070
191 Peachtree Street, NE                           9040 Roswell Road, Suite 500
PO Box 57007                                       Atlanta, GA 30350-3939
Atlanta, GA 30343-1007                             (404) 419-6300
(404) 965-8811                                     (404) 419-6301 (fax)
(404)965-8812 (fax)                                codaniel@odmclaw.com
scrochet@forthepeople.com

*Attorney for Plaintiffs*                          *Attorney for Defendant Great West*
                                                   *Casualty Company*

**CERTIFICATE OF SERVICE**

The undersigned attorney does hereby certify that a true and correct copy of the STIPULATION EXTENDING TIME FOR DEFENDANT GREAT WEST CASUALTY COMPANY TO ANSWER AND RESPOND TO DISCOVERY REQUESTS was duly served upon Plaintiffs by using the PeachCourt efile system for service to Plaintiffs' below counsel of record:

Shellea D. Crochet
Morgan & Morgan Atlanta, PLLC
191 Peachtree Street NE
PO Box 57007
Atlanta GA 30343-1007
scrochet@forthepeople.com

This 20th day of June 2022.

/s/Clay S. O'Daniel
Clay S. O'Daniel

ID# E-KAEKZ3C5-P4H
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-1750

JUL 21, 2022 05:04 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **BRIAN TUCKER and**<br>**MEGAN TUCKER,**<br>           **Plaintiff,**<br><br>**vs.**<br><br>**NGL EXPRESS, LLC, GREAT WEST**<br>**CASUALTY COMPANY, and MUSTAFA**<br>**MOHAMUD**<br>           **Defendant,** | **CASE ACTION**<br><br>**FILE NO. 22-A-1750** |

## <u>NOTICE OF LEAVE OF ABSENCE</u>

COMES NOW, Shellea D. Crochet, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel that he will be on leave pursuant to Georgia Uniform Court Rule 16 as follows:

The periods of leave during which time Applicant will be away from the practice of law are: **July 22, 2022, August 3-10, 2022, September 5-6, 2022. September 23, 2022, November 21-23, 2022, December 19-26, 2022, January 23-27, 2023.** Applicant states that he will be out of state for travel, personal time, continuing legal education and family commitments during the above-mentioned periods of time and will be unable to participate in trials, hearings, depositions, and other legal proceedings.

1. All affected judges and opposing counsel shall have ten (10) days from the date of this notice to object to it. If no objections are filed, the leave shall be granted.

This 21st day of July, 2022

Respectfully Submitted,

*/s/ Shellea D. Crochet*
Shellea Crochet
Georgia Bar Number 735805
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree St., NE, Suite 4200
Atlanta, Georgia 30303
Tel:    (404) 965-8811
Fax:   (404) 965-8812
scrochet@forthepeople.com



## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have this day served a copy of the foregoing **NOTICE OF LEAVE OF ABSENCE** upon all parties to this matter by Statutory Electronic Service or by depositing a true copy of same in the United States Mail, proper postage prepaid, addressed to counsel of record as follows:

This 21st day of July, 2022

Respectfully Submitted,
*/s/Shellea D. Crochet*
Shellea Crochet
Georgia Bar Number 735805
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree St., NE, Suite 4200
Atlanta, Georgia 30303
Tel:    (404) 965-8811
Fax:    (404) 965-8812
scrochet@forthepeople.com

ID# E-WZB3XLED-DKF
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1750**

**JUL 25, 2022 01:34 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

BRIAN TUCKER and      \*
MEAGAN TUCKER,      \*
     \*
   Plaintiffs,      \*
     \*     CIVIL ACTION
v.      \*
     \*     FILE NO. 22-A-1750
NGL EXPRESS, LLC, GREAT WEST      \*
CASUALTY COMPANY, and      \*
MUSTAFA MOHAMUD,      \*
     \*
   Defendants.      \*

---

## STIPULATION EXTENDING TIME FOR DEFENDANT GREAT WEST CASUALTY COMPANY TO ANSWER AND RESPOND TO DISCOVERY REQUESTS

---

Pursuant to O.C.G.A. § 9-11-6(b), and by express agreement, Plaintiffs Brian Tucker and Meagan Tucker ("Plaintiffs") and Defendant Great West Casualty Company ("Defendant") hereby stipulate to extend the time in which Defendant may answer, object, or otherwise respond to Plaintiffs' Complaint and Demand for Trial by Jury through and including September 1, 2022.

Plaintiffs and Defendant further stipulate to extend the time in which Defendant may answer, object, or otherwise respond to Plaintiffs' first discovery requests to Defendant, including Plaintiff Brian Tucker's Request for Admissions to Defendant Great West Casualty Company and Plaintiff Brian Tucker's First Set of Interrogatories and Request for Production of Documents to Defendant Great West Casualty Company through and including September 19, 2022.



Respectfully submitted, this 25th day of July 2022.


MORGAN & MORGAN ATLANTA PLLC          O'DANIEL McDONALD, LLC


/s/Shellea D. Crochet (*signed w/express*          /s/Clay S. O'Daniel
*permission by CSO*)
Shellea D. Crochet                                 Clay S. O'Daniel
Georgia Bar No. 735805                             Georgia Bar No. 843070
191 Peachtree Street, NE                           9040 Roswell Road, Suite 500
PO Box 57007                                       Atlanta, GA 30350-3939
Atlanta, GA 30343-1007                             (404) 419-6300
(404) 965-8811                                     (404) 419-6301 (fax)
(404)965-8812 (fax)                                codaniel@odmclaw.com
scrochet@forthepeople.com

*Attorney for Plaintiffs*                          *Attorney for Defendant Great West*
                                                   *Casualty Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney does hereby certify that a true and correct copy of the STIPULATION EXTENDING TIME FOR DEFENDANT GREAT WEST CASUALTY COMPANY TO ANSWER AND RESPOND TO DISCOVERY REQUESTS was duly served upon Plaintiffs by using the PeachCourt efile system for service to Plaintiffs' below counsel of record:

Shellea D. Crochet
Morgan & Morgan Atlanta, PLLC
191 Peachtree Street NE
PO Box 57007
Atlanta GA 30343-1007
scrochet@forthepeople.com

This 25th day of July 2022.

/s/Clay S. O'Daniel
Clay S. O'Daniel

ID# E-ARQ4XCSV-GYJ
⚜ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**22-A-1750**

**JUL 26, 2022 03:29 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **BRIAN TUCKER and**<br>**MEAGAN TUCKER**<br><br>　　　　**Plaintiffs,**<br><br>**vs.**<br><br>**NGL EXPRESS, LLC, PROTECTIVE**<br>**INSURANCE COMPANY, and**<br>**MUSTAFA MOHAMUD**<br><br>　　　　**Defendants.** | **CIVIL ACTION**<br>**FILE NO: 22-A-1750** |

### AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, an officer duly qualified to administer oaths, ERIC

D. ECHOLS, a permanent process server which, after being duly sworn, states the following:

1.

Affiant states that he is over 18 years of age, a citizen of the United States, and not related

to the parties herein. The statements made in the affidavit are true and correct and are based upon

my personal knowledge. Affiant states that service was conducted as a permanent process server

with the STATE COURT OF COBB COUNTY, and a copy of the Order authorizing me to service

process is attached hereto (see Exhibit "A").

2.

I personally served BARRY SMITH, the designated person to accept service for registered

agent CORPORATION SERVICE COMPANY on behalf of Defendant PROTECTIVE

INSURANCE COMPANY on Friday, July 22, 2022, at 11:35 a.m., located at 2 Sun Court, Suite

400, Peachtree Corners, Gwinnett County, Georgia 30092, and served a copy of the following

document(s) as provided by the court:

*Continue on the next page*



1.  SUMMONS;

2.  AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY;

I declare under penalty of perjury that the foregoing is true and correct.

This _26_ day of July 2022.

Eric D. Echols, CFI
Permanent Process Server
TFP Company
P. O. Box 6096
Marietta, GA 30065
770.579.0188

Sworn to and subscribed before

me this _26_ day of _July_, 2022.

Notary Public Signature

My Commission Expires:

RICHARD OWENS
Notary Public - State of Georgia
Bartow County
My Commission Expires Jul 1, 2023

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

IN RE: ERIC D. ECHOLS,                    )
                                          )
          Petitioner.                    )

## ORDER

The application of Eric D. Echols having been read and considered, said

applicant is hereby appointed permanent process server of this Court pursuant to

O.C.G.A. § 9-11-4(c) from the date of this Order through December 31, 2022,

subject to revocation for good cause shown. A copy of this Order must be attached

to any return of service to be filed.

SO ORDERED this, the 4ᵗʰ of January, 2022.

_____
JOHN S. MORGAN, JUDGE
STATE COURT OF COBB COUNTY

COBB COUNTY, GA
FILED IN OFFICE
2022 JAN -4 PM 12: 34
ROBIN C. BISHOP
STATE COURT CLERK-20

# EXHIBIT A